

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 24, 2012

Joanne Hepworth, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Bldg.
Washington, D.C. 20004

VIA ELECTRONIC MAIL

Re: United States v. Kimberly Hall, Case No. 11-253 (CKK)

Dear Ms. Hepworth:

On August 11, 2011, an Indictment was returned by a grand jury sitting in the District of Columbia and filed in the U. S. District Court for the District of Columbia, under seal, charging your client, Kimberly Hall (the "defendant"), with Conspiracy to Distribute and Possess With Intent to Distribute Five Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii) and (iii) and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). A superseding indictment charging your client with the same offenses was returned on May 8, 2012. After a thorough investigation, we have determined that the interests of the United States and the defendant's interests will best be served by deferring prosecution in this District. Both you and the defendant agree that the following is an accurate statement of facts:

### A. Use of 1327 Upcot Court, Capitol Heights, Maryland as a drug-involved premises

The defendant acknowledges and agrees that between at least April of 2011, up through and including August 17, 2011, she was living with Eric Artez Moses at 1327 Upcot Court, Capitol Heights, Maryland. Between at least April of 2011 and August 17, 2011, the defendant and Moses possessed quantities of marijuana inside of 1327 Upcot Court, Capitol Heights, Maryland. On August 17, 2011, law enforcement executed a search warrant at the defendant's residence. At the time of the search, the defendant was inside of the residence and placed under arrest. During the execution of the search warrant, agents recovered two plastic bags containing a green leafy substance which field tested positive for the presence of THC, the active chemical in marijuana. The defendant acknowledges and agrees that during the aforementioned period, she and Moses knowingly opened, leased, rented, used and maintained this residence for the purpose of manufacturing, distributing, or using marijuana, a controlled substance, in violation of 21 U.S.C. § 856(a)(1).

Ms. Hall further acknowledges and agrees that she does not have any knowledge regarding whether or not the co-defendants in criminal case number 11-253, BRIAN DAVID MARSH, also known as JV, also known as B, also known as Freeze; LESTER STANLEY AUSTIN III, also known as Stan, also known as Biggie; JOSHUA DRAKE, also known as Glue; MASON ANTHONY HUDDLESTON, also known as Rat, also known as Dig; AARON PATRICK JONES, also known as Pat; and JUAN LUIZ MATHIS were involved in or committed the offenses charged in the indictment in criminal case number 11-253, including trafficking in cocaine and cocaine base, also known as crack.

This proffer of evidence is not intended to constitute a complete statement of all facts known to Ms. Hall but is a minimum statement of facts intended to provide the necessary factual predicate for Ms. Hall's acceptance of responsibility and her participation in the Pretrial Diversion Program. Ms. Hall further agrees that she has reviewed all of the allegations in the indictments returned on August 11, 2011, and May 8, 2012, in criminal number 11-253 (CKK). Ms. Hall admits that the allegations in the indictment are true, or does not have information to dispute or disprove the allegations set forth in the indictment and the superseding indictment in any way.

By signing this letter agreement ("Letter Agreement"), defendant admits the criminal conduct described above and acknowledges responsibility for this criminal conduct. The period of deferred prosecution will be administered under the supervision of the United States Pretrial Services Agency ("Pretrial Services") and an assigned Pretrial Services Officer ("PSO"). The United States Attorney's Office for the District of Columbia agrees that prosecution of the defendant shall be deferred for a period of twelve **(12) months from the date this Letter Agreement** is executed by all parties, provided the defendant abides by all of the following conditions of deferred prosecution, to which defendant agrees by signing this Letter Agreement:

### GENERAL CONDITIONS OF DEFERRED PROSECUTION

(1) Answer truthfully all inquiries by the PSO and follow her/his instructions and any additional conditions imposed by her/him;

(2) Report to the PSO as directed by her/him;

(3) Not violate any law (federal, state, commonwealth or local);

(4) Advise the PSO within forty-eight hours if arrested and/or questioned by any law enforcement officer;

(5) Work regularly at a lawful occupation unless excused by the PSO. If defendant becomes unemployed, defendant shall notify the PSO within twenty-four hours. Defendant further will obtain PSO approval prior to making any work changes;

(6) Notify the PSO at least ten days prior to any change of residence, and not make any such change without prior PSO approval. If defendant intends to move out of the District of Columbia metropolitan area, defendant must notify the PSO at least thirty days prior to the intended move so that the appropriate transfer of program responsibility can be made, if necessary;

(7) Not use, purchase, possess, distribute or administer any narcotics or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner;

(8) Permit the PSO to visit at any time at home or elsewhere;

(9) Not leave Washington, D.C., Maryland or Virginia without prior notice to and permission of the PSO;

(10) Not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the PSO;

(11) Participate in mental health/drug/alcohol/abuse/anger management counseling as approved and directed by the PSO and allow, by signing all required waivers, the PSO to discuss compliance with this condition with the appropriate persons.

**Special conditions of deferred prosecution:**

The defendant agrees that she will conduct fifty **(50) hours of community service**, as directed by the Court and/or the PSO.

If, upon completion of defendant's period of deferred prosecution, a deferred prosecution report is received by the United States Attorney's Office for the District of Columbia from Pretrial Services to the effect that the defendant has complied with all the conditions of deferred prosecution set forth above, no criminal prosecution for the offenses will be re-initiated by the United States Attorney's Office for the District of Columbia, and the United States Attorney's Office for the District of Columbia will move to dismiss with prejudice the charges in the indictment.

Should the defendant violate any of the conditions of deferred prosecution set forth above, the United States Attorney's Office for the District of Columbia may at any time: (1) revoke or modify any of the conditions of deferred prosecution; (2) lengthen the period of deferred prosecution; and/or (3) terminate deferred prosecution and reinitiate prosecution of the charges noted above. Any decision to revoke, modify, lengthen, or terminate deferred prosecution rests solely with the United States Attorney's Office for the District of Columbia in its exclusive discretion. At the time the United States Attorney's Office for the District of Columbia makes any such decision, it will furnish counsel for defendant with written notice specifying the condition(s) of deferred prosecution

defendant has violated and the reasons why deferred prosecution is being revoked, modified, lengthened, or terminated.

The defendant understands that in the event she fails to comply with the terms of the deferred prosecution agreement, in any prosecution that is deferred by this Letter Agreement, the government may offer all or part of the factual statements set forth above at any stage of the criminal proceeding for any purpose. The defendant agrees that she shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such statement should be suppressed or is inadmissible. The defendant understands that she is waiving any and all rights in the foregoing respects.

Should prosecution of the defendant for the offenses set forth above be reinitiated by the United States Attorney's Office for the District of Columbia, the defendant agrees that any period of delay in prosecution occasioned by this Letter Agreement shall be excluded from consideration as to any rights defendant may have to a speedy trial under the Sixth Amendment to the United States Constitution, the Speedy Trial Act (18 U.S.C. §§ 3161 et seq.), the Federal Rules of Criminal Procedure (including Rule 48(b)), and/or the applicable statute of limitations. The defendant further agrees that should prosecution he reinitiated by the United States Attorney's Office for the District of Columbia the defendant waives her right to have the charges against her in the Indictments returned on August 11, 2011, and May 8, 2012, presented to a Grand Jury and agrees to be charged by criminal information. Further, the defendant also agrees to waive her right to have the charge of Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856, be presented to a Grand Jury and agrees to be charged by criminal information, and also agrees to waive venue for this charge and have this offense charged in the United States District Court for the District of Columbia   Finally, both parties agree that they will make a joint request that the Court make a specific finding under the Speedy Trial Act that it is in the interest of justice to delay the trial because of the resolution the parties have reached which will save judicial, prosecutorial and defense resources and avoid trial in this matter.

In the District of Columbia, Pretrial Services is located at 633 Indiana Ave. N.W., Suite 120, Washington, D.C. 20004-2902. By executing this Letter Agreement, the defendant acknowledges the defendant's understanding that supervision of defendant's period of deferred prosecution may be transferred to another Judicial District and/or Branch Office of Pretrial Services.

This Letter Agreement will be effective only upon signature of the Assistant United States Attorney, defendant, and defendant's counsel.

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY

_____        5-31-12
Steven B. Wasserman (Bar No. 453251)        Date
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-7719

## DEFENDANT'S ACCEPTANCE

I, Kimberly Hall, have read this Letter Agreement and have carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to it as well as to the Conditions of my Deferred Prosecution, without force, threat or coercion. I acknowledge responsibility for my conduct as described above. No other promises or inducements have been made to me other than those contained in this letter. I am satisfied with the representation of my attorney in this matter.

_____        5-31-12
Kimberly Hall, Defendant        Date

I, Joanne Hepworth, Esquire, have carefully discussed every part of this agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____        5-31-12
Joanne Hepworth, Esquire        Date
Attorney for Defendant